### P. H. MATHIS v. THE STATE.

#### No. 5139. Decided December 4, 1918.

**Simple Assault—Charge of Court—Sufficiency of the Evidence.**

Where appellant was charged with aggravated assault, but convicted of simple assault, and the evidence was sufficient to sustain the conviction under a proper charge of the court, there was no reversible error.

Appeal from the County Court of Hill. Tried below before the Hon. R. T. Burns.

Appeal from a conviction of simple assault; penalty, a fine of five dollars.

The opinion states the case.

*J. Webb Stollenwerck,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of simple assault, his punishment being assessed at a fine of $5.

The testimony shows that appellant was a renter of the alleged assaulted party, R. C. Cleveland. Cleveland was driving by appellant's house in a wagon, stopped and called him to the road where he was and engaged him in conversation. It seems this conversation got a little heated. Cleveland charged appellant with planting too much cotton seed to an acre, and demanded that he readjust his planter so as to plant less. This led to some sharp words, and appellant either got in the wagon or up on it and caught Cleveland somewhere about the shoulder or person and picked up a singletree that was lying in the wagon. The State's theory was that he undertook to strike Cleveland with the singletree, and did strike him a glancing lick. This was denied by appellant. He admits, however, that he caught Cleveland by the shoulder and took the singletree away from him but did not use it, and threatened to strike him with his fist.

The court submitted the theory of aggravated assault as charged, and also simple assault, and the jury acquitted of aggravated assault and convicted of simple assault. Appellant's exceptions to the charge on aggravated assault under this record will not be considered because the jury acquitted of that offense, and only convicted of simple assault.

The court also charged appellant's theory of self-defense, we think, in a sufficient manner. It may be conceded that the language of Mr. Cleveland was of a provoking nature, and may have been calculated to bring about a disturbance of the peace or a difficulty, yet this would not justify appellant in making the assault. There must be something more than mere words. Such words may be given as a matter of extenuation but not as a justification. If Cleveland, as appellant contends, had reached to get a singletree with a view of hitting appellant, and appellant then grabbed him, and the jury so believed, they should have acquitted. These were questions for the solution of the jury, and we think they were sufficiently submitted in the charge. Under the facts we would hardly feel justified in reversing the judgment.

The judgment is, therefore, affirmed.

*Affirmed.*

ON REHEARING.

December 4, 1918.

DAVIDSON, PRESIDING JUDGE.—Appellant files a motion for rehearing, contending that the former affirmance was erroneous in that the charge of the court instructed the jury to find appellant guilty of simple assault. That part of the charge is as follows:

"If you believe from the evidence that the defendant is guilty of an assault or an assault and battery, but have a reasonable doubt as to whether such assault and battery was an aggravated assault and battery as that term is defined in paragraph 2 of this charge, you will acquit the defendant of aggravated assault and battery and find him guilty of simple assault or simple assault and battery and assess his punishment," etc.

We are of opinion that this does not instruct the jury to convict appellant of simple assault, except under the contingencies and statements of the judge. The jury are instructed if they believe he is guilty of assault, and if they should acquit him of aggravated assault, then they should convict him of simple assault, or simple assault and battery. The jury under this charge would first have to determine that he was guilty of assault, or assault and battery, before they could convict. If they determined that he was guilty, then they were instructed if there was a doubt as to whether he was guilty of aggravated assault, they should convict him of the inferior degree. Such charge we think is correct, and was not a charge on the weight of the evidence. He was acquitted of aggravated assault and convicted of simple assault. This is the only question presented, and we are of opinion it is not well taken.

The motion for rehearing is overruled.

*Overruled.*